### Illinois Steel Company v. George Rolewicz.

#### Gen. No. 10,928.

1. MASTER—*not liable to anticipate the unexpected.* It is not the mere fact of injury which entitles a servant to recover from his master, but the negligence of such master; and where it appears that the injury in fact resulted from the unintelligent act of, or from a mistake of judgment upon the part of the servant, there can be no recovery.

Illinois Steel Co. v. Rolewicz.

2. FELLOW-SERVANTS—*where injury is the result of the negligence of.*
Where the plaintiff just prior to his injury was in a precarious condition and the proper giving of signals might have avoided such injury, the master is not liable if the fellow-servants of the plaintiff, in an endeavor to save him, gave hasty and confusing signals.

3. FELLOW-SERVANTS—*when modification of instruction as to rule of, is erroneous.* The modification of an instruction which properly defines the relationship which in law constitutes employees of a common master, fellow-servants, is erroneous where the effect of such modification leaves the jury to determine for themselves the question of law as to what constitutes fellow-servants.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in this court at the October term, 1902. Reversed. Opinion filed February 13, 1904. Rehearing denied March 25, 1904.

Statement by the Court. This is a suit in which appellee recovered a judgment for personal injuries. He was engaged in helping to unload from a vessel a cargo of ore for appellant's plant at South Chicago. His employment was that of "hooker." The ore was hoisted out of the hold of the vessel in tubs, which were raised and lowered by a hoisting engine operated on the dock, with a cable extending over what is called a "rig" projecting over the hatch in the vessel, the cable running down into the hold to a block to which was attached a hook. It was the business of the "hooker" to attach this hook to the tub of ore ready for hoisting, and unhook from the empty tubs as they were returned for refilling. A boy on deck gave the signals to the engineer when to hoist. When the accident occurred, in consequence of which appellee received the injuries complained of, he had unhooked an empty tub, and was guiding the hook toward the handle of a newly filled tub. Before he could hook it, a signal seems to have been prematurely given for hoisting. As the hook went up appellee, instead of letting go of the hook, hung onto it, and permitted himself to be lifted some thirty or more feet. He was seen from the deck in this position, and efforts were made by some of his fellow-employees to signal the engineer, but in the hurry of the moment the signals given were conflicting and the engineer did not comprehend them. He at once,

therefore, shut down his engine and hurried along the "rig" to see what was the matter. In the meantime appellee was unable to hold on and dropped back into the hold, receiving the injuries complained of, which, though painful, do not appear to be necessarily permanent.

KEMPER K. KNAPP, for appellant.

JOHN C. KING, WILLIAM J. KING and C. C. MARCH, for appellee; ALBION CATE, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellee that the defendant's alleged negligence consisted, first, of a want of ordinary care in employing and retaining an incompetent signal boy; and, second, that it was through the mismanagement of the " boss of the signal boys " that appellee was not immediately lowered back into the hold before he dropped from exhaustion. The signal boy referred to had worked three days at this particular hatch. The occupation did not demand any special skill or long experience. It required merely care and observation. The evidence tends to show that in this instance the signal was given prematurely; but it is perfectly plain from the undisputed evidence that appellee's injuries complained of were not inflicted by the premature hoisting. For some reason which he does not explain appellee held onto the hook instead of allowing it to slip from his hands, as would have been the obviously prudent and natural course. It may be that he supposed the signal boy would at once give the signal for lowering. Signals were given, well intended but contradictory, by other employees who hurried to appellee's rescue, and the engineer not being able to tell what was meant by these signals, shut down his engine and went forward to investigate. Meanwhile appellee was unable to retain his hold on the oily surface of the hook and fell before he could be lowered. It is evident, therefore, that it was not the premature hoisting that caused appellee's injury. It was his

unusual and unexpected course in holding onto the hook. It is not claimed that this was necessary or unavoidable. It is argued that the appellee was exposed to sudden and unexpected danger and is not to be held responsible for acting wildly and without judgment.   That may often be, but in this case he is seeking to hold appellant liable for what was his (appellee's) own unintelligent action.   It is not the mere fact of an injury which entitles an employee or another to recover from his employer or the owner of the machinery by which the injury is inflicted.   The injury must have been caused by negligence of the defendant, and in this case it was not so caused.   It resulted from the mistake in judgment of the appellee himself.   It cannot be said that the accident is one which a prudent employer would have been likely to anticipate.   Sjogren v. Hall, 53 Mich. 274; C., B. & Q. R. R. Co. v. Stumps, 55 Ill. 374.

The second respect in which appellant is sought to be held liable for alleged want of ordinary care, is that through the alleged mismanagement of the boss of the signal boys, appellee was not lowered to safety in time to prevent his fall.   In what this alleged mismanagement consisted, does not appear.   The only thing stated in appellee's brief is that appellee was not lowered before he lost his hold and fell.   This was owing to the well-meant but hasty and confusing acts of appellee's fellow-employees, who, in their haste to give a signal to the engineer to lower the hook, gave three or four contradictory signals.   Appellee's attorneys content themselves with stating that " Wilson was boss of the signal boys and was clearly negligent in not relieving plaintiff from his precarious situation."   The conclusion by no means follows, and we find no evidence by which it can be justified.   The law does not presume negligence.   Stevenson v. C. & A. R. Co., 18 Fed. Rep. 493.

We agree with appellant's attorneys that an instruction which they requested was improperly modified.   As offered it defined the relationship which in law constitutes employees of a common master fellow-servants.   As modified it omitted the definition and left the jury to determine for

themselves the question of law as to what constituted fellow-servants. This was erroneous. People v. Mayor, 193 Ill. 309, 311.

In view of the entire lack of evidence tending to show that appellee's injuries were the result of negligence on the part of appellant, the judgment of the Superior Court must be reversed with a finding of facts.

*Reversed.*